47 F.3d 1173
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James B. BELL, Plaintiff/Appellant,
v.
Justice Michael A. BILANDIC, et al., Defendants/Appellees.
 No. 94-1159.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 9, 1995.*
Decided Feb. 10, 1995.
Rehearing and Suggestion for Rehearing En Banc
Denied March 7, 1995.
 
 Before BAUER, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 James B. Bell, an attorney disbarred by the Supreme Court of Illinois, brought suit in federal district court under 42 U.S.C. Sec. 1983, alleging that his constitutional rights were violated by the Justices of the Illinois Supreme Court and by the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois. The district court dismissed Bell's claims for lack of subject matter jurisdiction. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983). We review this determination de novo. Leaf v. Supreme Court of the State of Wisconsin, 979 F.2d 589, 595 (7th Cir.1992), cert. denied, 113 S.Ct. 2417 (1993).
 
 
 2
 Bell argues that the district court had jurisdiction over his suit because the Illinois Supreme Court's decision was invalid, and therefore can be attacked in federal district court. This assertion does not change the fact that the district court lacked subject-matter jurisdiction. See Feldman, 460 U.S. at 486 (a federal district court has no jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). We agree with the district court that it lacked jurisdiction and therefore we AFFIRM for the reasons stated in the attached order.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT
 FOR THE NORTHERN DISTRICT OF ILLINOIS
 EASTERN DIVISION
 
 3
 James B. Bell, Plaintiff,
 
 
 4
 v.
 
 
 5
 Justice Michael A. Bilandic, Justice William G. Clark,
 
 
 6
 Justice Charles E. Freeman, Justice Thomas J. Moran, Justice
 
 
 7
 James D. Heiple, Justice Joseph F. Cunningham, Justice John
 
 
 8
 L. Nickels, Justice Mary Ann G. McMorrow, Justice Moses W.
 
 
 9
 Harrison, III, Chief Justice Ben K. Miller, the Supreme
 
 
 10
 Court of Illinois, Mary Robinson, in her capacity as
 
 
 11
 administrator of the Attorney Registration and Disciplinary
 
 
 12
 Commission of The Supreme Court of Illinois, and John
 
 
 13
 Cesario, both jointly and severally, Defendants.
 
 
 14
 No. 93 C 5371.
 
 
 15
 DOCKETED Jan. 05, 1994.
 
 MEMORANDUM OPINION AND ORDER
 
 16
 District Judge SUZANNE B. CONLON.
 
 
 17
 James Bell, an Illinois attorney, sues the Illinois Supreme Court, the justices of the Illinois Supreme Court, the Illinois Supreme Court's Attorney Registration and Disciplinary Commission ("ARDC"), Mary Robinson, administrator of the ARDC, and John Cesario, an ARDC staff attorney, for Bell's disbarment from the practice of law in Illinois. Bell sues under 42 U.S.C. Sec. 1983, contending that the disbarment violated his constitutional rights. Bell seeks injunctive and declaratory relief.[1] The defendants move to dismiss Bell's first amended complaint for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1).[2]
 
 BACKGROUND
 
 18
 Under Illinois law, conviction of a crime involving moral turpitude is grounds for disbarment. See Ill.S.Ct.Rules 761(b), 771. The Illinois Supreme Court may order an attorney disbarred if the ARDC hearing board and the ARDC review board both recommend that the attorney be disbarred. See Ill.S.Ct.Rules 753, 771.
 
 
 19
 Bell was admitted to the Illinois bar in August 1979. In December 1979, Bell was charged with five felony counts of knowingly making false statements to influence a bank, in contravention of 18 U.S.C. Sec. 1014. In February 1980, Bell plead guilty to two counts of the indictment. In January 1987, Robinson filed a petition with the Illinois Supreme Court to suspend Bell from the practice of law, pending the outcome of a full hearing. See Ill.S.Ct.Rule 761(b).[3] The Illinois Supreme Court denied the petition for interim suspension.
 
 
 20
 In June 1988, Robinson filed a disciplinary complaint against Bell with the ARDC hearing board. In September 1989, the ARDC hearing board filed a report and recommendation in which it concluded that Bell should be disbarred. In June 1990, the ARDC review board concurred with the hearing board's recommendation. In January 1992, the Illinois Supreme Court adopted the recommendations of the ARDC's hearing and review boards and ordered Bell disbarred. See In re Bell, 147 Ill.2d 15, 588 N.E.2d 1093 (1992). Bell's motion for a writ of certiorari to the United States Supreme Court was denied.
 
 
 21
 Bell raises numerous constitutional challenges to his disbarment, including violations of his rights under the double jeopardy clause and his right not to be subject to ex post facto laws, and insufficiency of standards of proof. The defendants move to dismiss for lack of subject matter jurisdiction. They contend that this court may not review the final judgment of the Illinois Supreme Court.
 
 DISCUSSION
 
 22
 Pursuant to 28 U.S.C. Sec. 1257, the United States Supreme Court may review "final judgments or decrees rendered by the highest court of a State in which a decision could be had." The Supreme Court has held that the terms of 28 U.S.C. Sec. 1257 are exclusive: the only federal court that may review final judgments of a state's highest court is the Supreme Court. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923) ("under the legislation of Congress, no court of the United States other than this Court could entertain a proceeding to reverse or modify the judgment" of a state's highest court); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983) (district court "has no authority to review final judgments of [the highest] state court in judicial proceedings"). Under the Rooker-Feldman doctrine, if Bell's disbarment was a final judgment of the Illinois Supreme Court, this court has no jurisdiction over this proceeding.
 
 
 23
 The Seventh Circuit has held that attorney disciplinary orders are final judgments under the Rooker-Feldman doctrine. In Grossgold v. Supreme Court of Illinois, 557 F.2d 122, 125 (7th Cir.1977), the Seventh Circuit held that a disciplinary order of the Illinois Supreme Court is "an exercise of judicial power ... that may be reviewed federally only in the Supreme Court by petition for certiorari and not by suits in the district court." (Citations omitted). Similarly, in Leaf v. Supreme Court of Wisconsin, 979 F.2d 589, 597 (7th Cir.1992), cert. denied, 113 S.Ct. 2417 (1993), the Seventh Circuit again found that attorney disciplinary matters are "judicial proceedings" that make district court review impermissible under the Rooker-Feldman doctrine.
 
 
 24
 In Leaf, the Seventh Circuit held that a district court may not review attorney disciplinary matters if the following two criteria are met: (1) the disciplinary proceeding was a "judicial proceeding"; and (2) federal review is "inextricably intertwined" with the proceedings before the state supreme court. Leaf, 979 F.2d at 597. In this case, both criteria are satisfied. The ARDC hearing board heard witness testimony and evaluated evidence presented by both sides. The ARDC review board reviewed the findings of the hearing board. Finally, the Illinois Supreme Court fully adjudicated the claim and Bell's defenses, and issued a lengthy written opinion. Bell's disbarment by the Illinois Supreme Court clearly was a judicial proceeding.
 
 
 25
 In addition, the claims before this court are inextricably intertwined with the claims Bell raised before the Illinois Supreme Court. Bell raised nearly identical constitutional claims before the Illinois Supreme Court concerning ex post facto application of attorney disciplinary rules, double jeopardy issues, and standards of proof. These claims were fully adjudicated and were rejected. See In re Bell, 147 Ill.2d 15, 588 N.E.2d 1093, 1100-1104 (1992). In Leaf v. Supreme Court of Wisconsin, 979 F.2d 589 (7th Cir.1992), cert. denied, 113 S.Ct. 2417 (1993), the Seventh Circuit held that allegations in a federal complaint and claims before a state supreme court are inextricably intertwined if they are so similar as to present the same "barrage of claims." See Leaf, 979 F.2d at 599. In this case, Bell presents the same barrage of claims that were rejected by the Illinois Supreme Court.[4] As the Seventh Circuit wrote in Grossgold v. Supreme Court of Illinois, 557 F.2d 122, 125 (7th Cir.1977), Bell has "pursued his proper remedy in the Supreme Court of Illinois and subsequently in the Supreme Court of the United States and is bound by the adverse result." This court lacks jurisdiction to consider Bell's claims.
 
 CONCLUSION
 
 26
 For the foregoing reasons, the motions to dismiss the amended complaint of defendants Justice Michael Bilandic, et al. and defendants Mary Robinson, et al. are granted. Plaintiff James Bell's objections to the magistrate's report and recommendations are moot. Plaintiff James Bell's motion for leave to file an amended complaint is denied as moot.
 
 ENTER:
 
 27
 /s/ Suzanne B. Conlon
 
 Suzanne B. Conlon
 United States District Judge
 December 21, 1993
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Bell moved to file a second amended complaint to add claims for money damages. The court has deferred ruling on Bell's motion to amend pending the ruling on the motions to dismiss. See Order, No. 93 C 5371 (N.D.Ill. Nov. 18, 1993)
 
 
 [2]
 The Illinois Supreme Court defendants and the ARDC defendants file separate motions to dismiss. They base their motions on the same grounds
 
 
 [3]
 Rule 761 states in pertinent part: "after consideration of the petition and the answer to the rule to show cause, the court may enter an order, effective immediately, suspending the attorney from the practice of law until further order of the court." Ill.S.Ct.Rule 761(b)
 
 
 [4]
 In his amended complaint, Bell adds a claim of racial discrimination (he is black). Because Bell's discrimination claim arises from the same allegations considered by the Illinois Supreme Court, the claim is part of the same barrage of claims that were raised before and rejected by that court